UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                            CASE NO. 6:23-cr-3-RBD-DCI

MOAD BENKABBOU

**UNITED STATES' MOTION FOR A
PROTECTIVE ORDER REGARDING DISCOVERY**

The United States of America moves the Court pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure to enter an Order prohibiting the unauthorized disclosure of certain discovery materials and information contained therein to non-litigants. The Defendant does not oppose this motion or the attached protective order. In support of this motion, the United States provides the following:

**PROCEDURAL BACKGROUND**

The Defendant was indicted by a federal grand jury in the Middle District of Florida on January 11, 2023. The Defendant is charged with three counts of making a false statement to a federal law enforcement officer, in violation of 18 U.S.C. § 1001. Doc. 1. At his arraignment the Defendant entered a plea of not guilty, and his case is currently set on the Court's March 2021 trial calendar. Doc. 10.

On January 19, 2023, United States Magistrate Judge Celeste F. Bremer issued a pretrial discovery order on behalf of the Court.  Doc. 17.  The United States is in the process of providing discovery to the Defendant.

Discovery in this case includes information involving the Defendant's interactions with several Federal Bureau of Investigation ("FBI") confidential human sources ("CHS").  For public safety reasons, the government is seeking an order preventing defendant from publicly disclosing, including in any pretrial filing or at any pretrial hearing (including any detention hearing), any actual or cover name, identifier, or online account name used by any CHS.  The order would provide that the parties instead refer to any confidential human source as "CHS."

As part of the discovery in this case, the government will provide to the Defendant sensitive discovery material (hereinafter, "Sensitive Information") including, but not limited to, reports and recordings involving communications with a CHS.  The investigation into the Defendant was principally carried out by the Joint Terrorism Task Force of the Federal Bureau of Investigation's Tampa Division[1].  The reports and recordings involving communications with the CHS implicate sensitive law enforcement matters.

---

[1] Discovery in this case is complicated by the existence of classified information and the need to invoke the Classified Information Procedures Act (CIPA).  The United States will file additional pleadings discussing the CIPA process at a later date.

## MEMORANDUM OF LAW

Rule 16(d)(1) states as follows:

"*Protective and Modifying Orders.*   At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

"[A] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."  *Alderman v. United States*, 394 U.S. 165, 185 (1969).   To this end, Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that district courts may issue protective orders denying, restricting, or deferring discovery, or granting other appropriate relief.   Fed. R. Crim. P. 16(d)(1). Such a protective order may be entered on a showing of "good cause."   Fed. R. Crim. P. 16(d)(1); s*ee United States v. Hanna*, 661 F.3d 271, 294 (6th Cir. 2011) (under Rule 16(d), district court may limit discovery for good cause and permit a party to show good cause through an *ex parte* written statement); *see also United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015); *United States v. Yassine*, 574 F. App'x 455, 461-62 (5th Cir. 2014); *United States v. Lee*, 374 F.3d 637, 652 (8th Cir. 2004); *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012).   Good cause requires a particularized, specific showing.   *See United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).   The government may also seek to meet its burden of showing good cause via an *ex parte*

submission, if necessary. *See United States v. Aiken*, 76 F. Supp. 2d 1339, 1342 (S.D. Fla. 1999).

In determining whether a protective order is appropriate, courts consider factors such as the "safety of witnesses and others, a particular danger of perjury or witness intimidation, the protection of information vital to national security, and the protection of business enterprises from economic reprisals." *United States v. Dent*, No. SACR 16-00029(B)-CJC, 2017 WL 1025162, at *3 (C.D. Cal. Mar. 15, 2017) (quoting *United States v. Stone*, No. CR12-0072-JCC- GSA, 2014 WL 788349, at *2 (E.D. Cal. Feb. 25, 2014)) (internal quotation marks omitted).

Rule 16's advisory committee notes provide that "it is obvious that [a protective order] would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Fed. R. Crim. P. 16 Adv. Comm. Notes to 1974 amendments; *see also United States v. Nava-Salazar*, 30 F.3d 788, 800-01 (7th Cir. 1994) ("[T]he government's delay in disclosing the additional incriminating evidence it had concerning [the defendant] was a justifiable, necessary and proper step" since disclosure "could have threatened the life and safety of a number of persons involved, including the undercover DEA agents and their informants."); *United States v. Barbeito*, No. CR.A. 2:09-CR-00222, 2009 WL 3645063, at *1 (S.D.W. Va. Oct. 30, 2009) ("It is appropriate, however, to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants.") (citing *United States*

*v. Rivera*, 153 Fed. Appx 758 (2d Cir. 2005)); *United States v. Fine*, 413 F.Supp. 740, 744 (W.D. Wis. 1976)).

The Advisory Committee Notes further state that "the protection of information vital to the national security" is another appropriate consideration in a Rule 16(d)(1) motion.  Rule 16 Adv. Comm. Notes, Sub. (e) (1966); *see United States v. Roviaro*, 353 U.S. 53 (1957) ("'[G]ood cause' includes the protection of information vital to the national security."); *see also Hanna*, 661 F.3d at 271.

As discussed below, the United States has met the requisite showing and the Court should enter the proposed protective order.  First, the proposed protective order is narrowly tailored.  It applies only to a subset of the discovery to be produced—namely, reports and recordings involving communications with the CHSs.  Second, good cause supports the entry of the protective order.  Investigation through the use of CHSs plays a critical role in national security investigations throughout the United States intelligence community.  Much of this information may be classified (and thus may be declassified for use in a criminal case), but, even so, there is sensitive information that must be protected from public disclosure.  The threat to the personal safety of a CHS is always present.  For example, an FBI undercover employee (UCE) who participated in a national security investigation in Chicago had his life threatened by the defendant in the resultant criminal case.  *See United States v. Daoud*, 755 F.3d 479, 480 (7th Cir.), *supplemented*, 761 F.3d 678 (7th Cir. 2014) (after learning his accomplice in alleged bombing was UCE, defendant allegedly attempted to hire another individual to murder UCE).  Moreover, in

January 2015, ISIS re-released a propaganda video that urged the murder of "intelligence officers, police officers, soldiers, and civilians."[2]  These examples illustrate the persistent danger to UCEs, CHSs and online covert employees (OCEs), especially in terrorism cases.[3]  *See Barbeito*, 2009 WL 3645063 at *1 (granting protective order for confidential informant's identity).

Additionally, the proposed order is not a blanket proscription against the Defendant communicating with counsel, but, rather, merely prevents the Defendant from keeping the Sensitive Information in his possession.  *See Lee*, 374 F.3d at 652. The protective order constrains only the method of using the Sensitive Information; it does not restrict the Defendant from accessing any information that he otherwise would be entitled to receive in pretrial discovery.  *See United States v. Mitrovic*, 286 F.R.D. 683, 688 (N.D. Ga. 2012).

The protective order makes ample provision for the preparation of a defense. The protective order authorizes, and provides procedures for, the disclosure of the

---

[2] Lorenzo Ferrigno et al., "NYPD, other law enforcement on alert after ISIS threat resurfaces," *CNN*, Jan. 12, 2015, *available at* https://www.cnn.com/2015/01/11/us/nypd-law-enforcement-isis-threat/index.html.

[3] Additional information regarding these concerns may be provided *in camera* and *ex parte*, if appropriate.  Under Rule 16(d), "[t]he court may permit a party to show good cause by a written statement that the court will inspect *ex parte*."  Fed. R. Crim. P. 16(d)(1); *see United States v. Darden*, No. 3:17-cr-00124, 2017 WL3700340, at *3 (M.D. Tenn. Aug. 28, 2017) (permitting government opportunity to supplement record with under seal *ex parte* explanation of need for protective order).  This provision is based on the Advisory Committee's belief that "[i]n some cases it would defeat the purpose of the protective order if the government were required to make its showing in open court."  Adv. Comm. Notes to the 1966 Amendments; *see United States v. Luchko*, No. CRIM.A.06-319, 2006 WL 3060985, at *5-6 (E.D. Pa. Oct. 27, 2006) (while government "bears the burden of demonstrating good cause," it "cannot be required to make particularized allegations in its pleadings because that would defeat the purpose of the motion for a protective order").

sensitive information to: (a) members of the defense team (including co-counsel, paralegals, investigators, translators, litigation support personnel, and secretarial staff); and (b) experts retained to assist in the preparation of the defense.   Disclosure to other individuals may also be made after receiving permission from the Court and with that individual's agreement to be bound by the provisions of the protective order.

The government requests that this Court enter the proposed protective order that would govern, among other things: (1) the designation of Sensitive Information; (2) access to and use of Sensitive Information; (3) the use of Sensitive Information in court filings and open court; (4) the filings of documents; (5) the protection of recordings, as well as CHS actual and cover names, identifiers, and online account names; (6) maintenance and storage of Sensitive Information; (7) disposition; (8) unauthorized disclosure and sanctions; (9) modifications; and (10) no termination.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court issue the proposed protective order as to the discovery of Sensitive Information.

                                            Respectfully submitted,

                                            ROGER B. HANDBERG
                                            Acting United States Attorney

By:     */s/ Shawn P. Napier*
            Shawn P. Napier
            Assistant United States Attorney
            USA No. 132
            400 W. Washington Street, Suite 3100
            Orlando, Florida   32801
            Telephone:   (407) 648-7500
            Facsimile:    (407) 648-7643
            E-mail:         shawn.napier@usdoj.gov

| | |
|---|---|
| U.S. v. MOAD BENKABBOU | Case No. 6:23-cr-3-RBD-DCI |

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice electronic filing to the following:

Corey I. Cohen, Esq.

/s/ *Shawn P. Napier*
Shawn P. Napier
Assistant United States Attorney
USA No. 132
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:        shawn.napier@usdoj.gov