UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

   Plaintiff

v.                                  CASE NO.: 6:23-cr-3-RBD-DCI

MOAD MOHAMED BENKABBOU,

   Defendant.
_____/

**POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS AND INCORPORATED SENTENCING MEMORANDUM**

COMES NOW, the Defendant, MOAD MOHAMED BENKABBOU, pursuant to 18 U.S.C. § 3553(a), hereby files this Position with Respect to Sentencing Factors and Sentencing Memorandum in which he respectfully requests this Honorable Court to exercise its discretion and impose a sentence below that suggested by the advisory Sentencing Guidelines.

Defendant adopts the Presentence Report and there are no unresolved or disputed matters.

## INTRODUCTION

As reflected in the Plea Agreement, Mr. Benkabbou acknowledged that he freely and voluntarily entered into a plea agreement because he was in fact guilty.

When considering all the factors of the offense, his acknowledgment of responsibility, his lack of any criminal history, family support, school and work history, his remorsefulness, and any other considerations referenced herein, we respectfully request that this Court impose a sentence below the guidelines.

Such a sentence is one that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing as required by 18 U.S.C. § 3553(a). *See Kimbrough v. United States*, 552, U.S. 85, 101 (2007). Under the facts and circumstances of this case, a lower sentence would satisfy the statutory goals of sentencing and would constitute a sentence that reasonably provides just punishment, protects the public, promotes respect for the law, affords adequate deterrence and promotes rehabilitation as required by 18 U.S.C. § 3553(a)(2).

This memorandum:

(1) addresses the factors set out in 18 U.S.C. § 3553(a), which the Court must consider in determining the particular sentence to impose; and

(2) details that the terrorism enhancement is not appropriate in this case.

(3) details Mr. Benkabbou's lack of any criminal history, family support; and

(4) Mr. Benkabbou school and work history and remorse for the instant offense.

I. ***BOOKER* AND 18 U.S.C. § 3553(A)**

The decision of the United States Supreme Court in *Booker* has rendered the United States Sentencing Guidelines "effectively advisory." *U.S. v. Booker*, 125 S.

Ct. 738, 759-67 (2005). Pursuant to *Booker,* sentencing courts are required to consider a Defendant's guideline range, but may "tailor the sentence in light of other statutory concerns as well." *Id.* at 767 *(citing* 18 U.S.C. § 3553 (a)).

As a result of *Booker* federal district courts must consider the seven factors set forth by 18 U.S.C. § 3553 (a) in determining a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) [the applicable Sentencing Guidelines];

(5) any pertinent [Sentencing Guidelines] policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victim of the offense.

Moreover, § 3553(a) and the 'parsimony provision' mandate that the district court "impose a sentence sufficient but not greater than necessary," to comply with the purposes of sentencing set forth in § 3553(a)(2). Sufficiency of a sentence rather than excessiveness is echoed in 18 U.S.C. § 3582, which recognizes that "imprisonment is not an appropriate means of promoting correction and rehabilitation."

## II. APPLYING THE FACTORS CONTAINED IN 18 U.S.C. § 3553(a)

### A. The Nature and Circumstances of the Offense
#### *Circumstances of the Offense*

Mr. Benkabbou entered a plea to Counts 1-2 Making False Statement to a Federal Agency in violation of 18 U.S.C. §§ 1001. The guideline range is 10-16 months, however if the court were to impose the terrorism enhancement it would bring his guidelines up to 151-188 months imprisonment. His criminal history level is 1, but the terrorism enhancement bumps it to category VI.

#### *History and Characteristics of the Defendant*

##### a. Lack of criminal history, school and work history

Mr. Benkabbou is now 23 years old and has never been in trouble with the law before this arrest, he was a student at UCF and received his associates while in jail.

4

He was always a hard worker, working multiple jobs to support himself and his family. Mr. Benkabbou was born deaf and reads lips to communicate, during covid when everyone was wearing masks, he lost his job at Walmart since he could not communicate. However, prior to his arrest he was employed with two jobs.

### b. Family Support and remorse

Mr. Benkabbou has the strong support of his mother, father and siblings.

He is the oldest of three children and is very close with all his siblings and parents. He would drive his father who is 77 years old to doctor appointments and pharmacies for medication.

Mr. Benkabbou pled guilty, and he and his entire family are ashamed of his behavior and are extremely remorseful.

### c. Terrorism enhancement

Mr. Benkabbou would object to the terrorism enhancement and feels it is not appropriate based on the facts and circumstances of this case. Mr. Benkabbou felt like an outcast most of is life, being teased at school for his hearing impairment, losing his job and not being able to communicate with people during covid, and he started to look into joining ISIS to be part of something, part of a group that would appreciate

him. Then when he met "Ahmed" he had a friend, someone he could talk to, someone who treated him like a human. This is a young kid who is easily influenced and looking for a place to fit in, he had been an outcast his entire life.

*United States v. Alhaggagi, 978 f. 3d 693,* states" Commission of a federal crime of terrorism, for purposes of terrorism enhancement under sentencing guidelines, incorporates a specific intent requirement, thereby imposing a requirement that the underlying felony be calculated to influence ore affect the conduct of the government by intimidation or coercion or be calculated to retaliate against government conduct."

Mr. Benkabbou did not in any way influence or affect the conduct of the government, nor did he do anything to retaliate against the government. He made a comment about a Florida politician to someone who he thought was a friend.

Mr. Benkabbou would make comments on social media which would pledge support for ISIS, booked tickets to travel overseas to join ISIS, each time canceling the flights, sent "Ahmed" a beheading video, spoke to "Ahmed" about ISIS and joining, and sent money to a woman in Syria and one in Yemen who was imprisoned in a camp.

In the *Alhaggagi* case, the defendant was accused of chatting online with people whom he believed to be ISIS members, he spoke about supporting them and opened social media accounts to report on ISIS attacks and various other things. He spoke to the UC about building a bomb and sent the UC links to a training video for ISIS supporters.

The appellate court in *Alhaggagi* stated that "to trigger the terrorism enhancement, the government must prove elements distinct from those of the crime of conviction, specifically that the offense committed involved or was intended to promote, a federal crime of terrorism."

Mr. Benkabbou, by lying about conversations with a fictitious "Ahmed" and telling the agent he did not send money to these women or book plane tickets to travel to these counties in no way help promote any crime of terrorism. By the time the agents came to question him, he had removed himself from ISIS support and did not align himself any longer with their ideologies.

The Court in *Alhaggagi* went on to say "The term federal crime of terrorism is defined as an offense that is calculated to influence or affect the conduct of the government by intimidation or coercion, or to retaliate against government conduct

under 18 U.S.C. § 2332b(g)(5)(A) and that is a violation of certain enumerated statutes, 18 U.S.C. § 2332b(g)(5)(B). Both parts of 2332b(g)(5) must be satisfied for the enhancement to apply.

The material support statute, by contrast, requires prof that a defendant attempted to, conspired to, or did provide material support or resources to a foreign terrorist organization, knowing that the organization is a designated terrorist organization or that the organization has engaged or engages in terrorism. It is possible for a defendant to provide material support to a terrorist group in violation of 18 U.S.C. § 2339B9(a)(1). It is possible for a defendant to provide material support to a terrorist group in violation of 18 U.S.C. § 2339B(a)(1) without intending that the support or resources would influence, affect, or retaliate against government conduct to satisfy the first prong of the definition of federal crime of terrorism.

The enhancement, therefore, does not automatically apply to all material support offenses. Congress created this distinction in order to punish certain dangerous terrorists more severely than persons who committed non-violent crimes. Thus, to warrant a substantial increase in punishment pursuant to the terrorism enhancement, a defendant must have the requisite intent necessary to satisfy the

definition of federal crime of terrorism, beyond the intent required to establish a violation of the material support statute."

### B. The Need for the Sentence Imposed

Section 3553(a)(2) lists the four purposes of sentencing, which can be summarized as: just punishment, deterrence, protection of the public, and rehabilitation.

#### a. Just Punishment

The advisory guidelines "do not require a judge to leave compassion and common sense at the door to the courtroom." *See United States* v. *Johnson,* 964 F.2d 124,125 (2nd Cir. 1992).

This is Mr. Benkabbou's first time being in jail, he has been in since his arrest on January 13, 2023. He will have been in custody for over seven months by the time we reach sentencing. If the Court does not find that the terrorism enhancement applies, we are asking for a sentence of time severed. In the event that the Court does find the enhancement applies we would be asking for a variance sentence of three years imprisonment. In any event, for Mr. Benkabbou and his family, these 7 months in jail have been very difficult and I believe it has been a just and adequate punishment

9

for his crimes.

### b. Deterrence

Mr. Benkabbou lied to government officials because he was embarrassed about his conduct. At the point he spoke to them he had changed his mind and was no longer interested in joining ISIS and had put that behind him. He was working at the airport and felt uncomfortable telling anyone the truth about what he had discussed with "Ahmed" in the past.

### c. Protection of the Public

Mr. Benkabbou certainly understands how serious giving a false statement to a federal official is. However, he has shown remorse for his criminal conduct. He accepts responsibility for his actions and will commit the rest of his life to making sure that he never again finds himself as a criminal defendant in the future. Mr. Benkabbou was a misguided, angry kid, who felt like an outcast due to his disability and covid and thought he found a friend in "Ahmed" and behaved in a way that he is ashamed of. Mr. Benkabbou did not follow through with traveling to any of these places he spoke about and it appears other than sending money to a woman in a Syrian camp, everything he did was just talk and he didn't take any action or have the ability

10

to take any action, and should not be considered a danger to the community.

### C. The Kinds of Sentences Available

Pursuant to *Booker*, this Honorable Court has significant discretion in fashioning a sentence that is "reasonable" based on § 3553(a), including incarceration and supervised release. In the instant case, a guidelines prison sentence would contravene 18 U.S.C. § 3553(a) and the 'Parsimony Provision' which proscribes the imposition of a sentence that is greater than necessary to achieve the statutory goals as set forth above.

### a. The Sentencing Guidelines and Guideline Policy Statements[1]

We are asking the Court to grant a variance based on the November 1, 2023, amendments for those with zero criminal history points.

Additionally, if the court finds the enhancement applies, we need to dissect his actual conduct versus just talk and puffery, which is seems like 99 percent of his actions of conversations with "Ahmed" were. Even with the enhancement, based on his conduct I would argue that three years prison is an appropriate sentence to meet all the 3553 factors.

---

[1] Pursuant to *Booker*, "District courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker,* 125 S. Ct. 759-67.

11

### b. Need to Avoid Unwarranted Sentence Disparities Among Defendants

Mr. Benkabbou's case should be looked at individually and only based on his actual conduct and not the conduct of others in the past since these cases are so fact specific.

### c. The Need to Provide Restitution to any Victim of the Offense

I do not believe there is any restitution in this case.

### III.   CONCLUSION

For the reasons stated herein, and those presented at the sentencing hearing, Mr. Benkabbou respectfully requests that this Honorable Court exercise its discretion and impose a downward variance. Mr. Benkabbou would ask for a reduction based on the factors set forth in the memo. Mr. Benkabbou requests that he be given a sentence that is reasonable but not greater than necessary and accounts for the strong possibility that he can contribute to society in a crime-free manner. Mr. Benkabbou requests a sentence of time served or three years if the enhancement is found by the Court, followed by a term of supervised release.

Respectfully Submitted,

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court (CM/ECF) on this 26th day of August, 2023 by using the CM/ECF system, which will send a Notice of Electronic Filing to

the Assistant United States Attorney.

                                                                                           */s/* Corey Cohen, Esq.
Law Office of Corey Cohen & Associates
Florida Bar No. 0657840
21 Park Lake Street
Orlando, FL 32803
corey@coreycohen.com
407-246-0066